## MCKAY v. JACKMAN.

*(Circuit Court, S. D. New York. June 26, 1883.)*

1. PATENTS—LICENSEE NOT READING LICENSE.

    Where a party signs a license to use a patented machine without reading it, he is bound by the terms thereof, unless he lacks capacity to comprehend properly what he is doing.

2. SAME—RENEWAL OF LICENSE—DURESS—INJUNCTION.

    Where a party is enjoined from infringing a patent, and instead of contesting the validity of the patent and moving for a dissolution of the injunction, renews a license to use the said patent, which had been canceled by reason of a breach thereof, such renewal will not be considered as made under duress, and will be binding on him.

3. SAME—RECOVERY OF ROYALTIES—EVICTION.

Unless there has been an eviction, or its equivalent, the royalties agreed to be paid by a licensee for the use of a patent must be paid.

4. SAME—JURISDICTION OF CIRCUIT COURT—REV. ST. § 968—COSTS.

Where a patentee cancels a license because of a breach of its conditions, and proceeds against the licensee as an infringer, and the license is renewed after the institution of suit in a circuit court of the United States, and the citizenship of the parties gives the court jurisdiction, but the amount of royalty actually due to plaintiff is less than $500, a decree may be entered for the amount due, but neither party will be allowed costs.

In Equity.

*Elias Merwin,* for orator.

*Jos. C. Clayton,* for defendant.

WHEELER, J. The defendant, a citizen of New York, was a lessee of the orator, a citizen of Massachusetts, of a machine for making shoes, embodying several patented inventions owned by the orator, and a licensee of the right to practice the inventions for a royalty. In the instrument of lease and license he expressly stipulated not to contest the validity of the patents. The orator canceled the instrument for non-compliance with its terms; the defendant commenced using an infringing machine; and the orator brought this bill against the infringement, setting up the lease and license and breach, and praying for general relief, as well as for an injunction and an account. A preliminary injunction was granted, restraining practicing the inventions, except by the use of the leased machine. The defendant then asked a withdrawal of the cancellation, which was granted. On the hearing in chief, the two patents on which the bill was brought were adjudged invalid, but the suit was retained for an account of the royalties. *MacKay* v. *Jackman,* 12 FED. REP. 615. The report of the master, based upon a stipulation of the parties, shows that there is due for royalties for use of the leased machine $50, and for shoes made on the infringing machine $270. The report does not show whether any part of either of these sums had accrued when the suit was commenced. The report also shows that the defendant had paid to the orator $4,643.59 for royalties on the machine since a valid patent on the machine itself expired. Three principal questions are made. One is whether the orator is entitled to these royalties; another is whether he is entitled to retain those paid since the valid patent expired; the other is whether the relief can be had in this suit.

The defendant is bound to pay what he agreed to pay, if he has had what he agreed to pay it for. When the suit was brought he stood out from under the license and was using an infringing machine on his own right, independent of the license. Had he maintained that attitude, the vindication of his right to use the infringing machine would have relieved him from all liability for the use. The orator was treating him as an infringer, and if he could not be held as such he could not be held at all. But when the orator obtained an injunction against him, he changed his position and took that of a licensee,

again agreeing to pay royalties. It is argued that the obligation to pay royalties for anything but the use of the leased machine was entered into by mistake induced by deception, and that its renewal was compelled by the duress of the injunction. There is no proof of any misrepresentation or concealment from the defendant concerning the contents of the instrument of license. He testifies that he did not read it, but not that any one prevented his reading it, nor that he was unable to read it. He appears to have signed it without reading it, because he preferred to take the risk of its contents rather than the trouble of reading it. Under such circumstances he became bound by it, as it was, according to its terms. Nothing would save him from its effect but lack of capacity to comprehend properly what he was doing, and nothing of that sort is claimed or is at all apparent.

The injunction was not, as between the parties, any undue or illegal restraint or hardship. It was the judgment of the court, and, in contemplation of law, was right, because it was rendered by the court as by law the court was authorized to render it; and it was to be borne without any liability on one side or right to redress on the other while it continued in force. *Sturgis* v. *Knapp*, 33 Vt. 486. The dismissal of the bill as to tnat part of the case, or dissolution of the injunction, would not affect the rights of the parties as to its restraint during its continuance. Its dissolution would not be like the reversal of a judgment or decree which would leave the rights of the parties involved as if the judgment had never been rendered or decree made, but would merely relieve the restraint in the future, without removing its effect in the past. All the right the defendant had in respect to the injunction was to get it dissolved as soon as he could, and to respect it until dissolved. He preferred payment of the royalties to waiting for dissolution of the injunction, and agreed to pay them for the privilege to practice the invention. He had that privilege, which was exactly what he agreed to pay for. There was no eviction; the orator defended the patents against infringement by any others as long as the defendant used the inventions under the agreement to pay for the use. This subject has been so lately examined by Judge LOWELL, in *White* v. *Lee,* 14 FED. REP. 789, and the conclusion reached by him there upon review of the authorities, that without an eviction or its equivalent the royalties must be paid, is so satisfactory, that nothing further on this point than a reference to that decision seems necessary.

These views seem to be conclusive to the effect that those royalties already paid cannot be recovered back.

The citizenship of the parties gives this court jurisdiction of controversies between them, and it is not claimed but that a suit in equity for an account of royalties is proper. The defendant insists, however, that as the defendant stood as an infringer, and was proceeded against as such, at the commencement of the suit, nothing which occurred afterwards changing his attitude to that of a licensee could be brought

into the same suit, but that such subsequent matter should be left to another and a different suit. The defendant did not, after suit, obtain a new license. He sought and obtained a withdrawal of the cancellation of the old one. This would make him liable for the royalties upon his infringements by changing the tort to a matter of contract, as well the infringements before suit brought as those after. And when there is something to be accounted for that was prior to the commencement of the suit, so that the orator is entitled to a decree for an account, the account is taken of all matters up to the time at which it is taken.

The orator appears to be entitled to have the report as to the royalties unpaid accepted, and that part as to royalties paid set aside. Upon this conclusion the orator recovers less than $500, upon a cause of action or right of recovery which could not, by itself, be brought here, unless the amount in dispute exceeded that sum. *Hartell* v. *Tilghman*, 99 U. S. 547.

Section 968 of the Revised Statutes provides that—

"When, in a circuit court, a plaintiff in an action at law originally brought there, or a petitioner in equity other than the United States, recovers less than the sum or value of five hundred dollars, in a case which cannot be brought there unless the amount in dispute exceeds said sum or value, * * * he shall not be allowed, but at the discretion of the court may be adjudged to pay, costs."

That part of the case upon which the defendant has recovered could be brought here without reference to the amount in dispute, so that, literally, speaking of the whole case, this case could be; but the spirit and intention of the statute would seem to apply the restriction to that part of the case upon which the plaintiff recovers. Costs in equity cases are generally subject to the discretion of the court, to be exercised, however, according to general legal principles, and not arbitrarily. Ordinarily, the recovering party recovers costs in suits in equity as well as at law. This statute, however, seems to require that this orator should not recover costs, or at least its spirit seems to guide the discretion of the court in that direction. Without the statute the court might not be authorized to give costs to the defendant in a case in which the plaintiff recovers, although not upon the whole case, and as this statute does not in exact terms cover this case, no costs are allowed to the defendant. This would seem to be most just, under the circumstances.

The report of the master is accepted and confirmed as to the sum of $50 and $270 of unpaid royalties, and set aside as to the sum of $4,643.59, and a decree for the payment of $320 by the defendant to the orator is to be entered accordingly, without costs.

------

(July 11, 1883.)

WHEELER, J. The defendant was a licensee under the plaintiff's patents. The plaintiff canceled the license pursuant to its terms on

account of a breach of them by the defendant, and brought this suit against him as an infringer, and obtained an injunction against the use by him of an infringing machine. At the defendant's request the plaintiff withdrew the cancellation. The item of $270 mentioned in the master's report, and the decision of the court upon it, is made up of royalties reckoned at the licensed rate for the use of the infringing machine. The report of the master appears to be based wholly upon a stipulation filed, and neither the report nor stipulation shows what the relation of the parties was in respect to the license,—whether it was while the cancellation was in force, or while the license was in force, that the use was made of the infringing machine for which the $270 was allowed. This was a material matter in the disposition of the case, but was treated by the master and court as the parties by the stipulation left it. Since the decision, and before final decree entered, the defendant has moved to have the report recommitted to the master for the purpose of having the fact appear as to when this use was had, and presented an affidavit in support of the motion tending to show that it was while the cancellation was in force. The plaintiff insists, in opposition to the motion, that it was while the license was in force. It is not contended but that it is still within the power of the court to recommit the report. The amount involved is so small that if the right to that sum was all there was to follow the final disposition of the case, it might seem wisest to leave the case to stand as it would upon the facts as left by the stipulation of the parties. But this appears to be a test case to some considerable extent, and one that is likely to appealed, for the purpose of settling some of the questions involved, in view of other and greater interests, and upon which the matter desired to be shown may be quite material. Under these circumstances it seems to be better that this case should be so completed as to present the questions to be decided in all the aspects which may ultimately be found to be material. For these reasons the motion is granted.

Motion granted and report recommitted to master.